IN THE UNITED STATES DISTRICT COURT



FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 06-02-BU-DWM |
| | ) | CV 12-82-BU-DWM |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING MOTION AND |
| | ) | DENYING CERTIFICATE OF |
| STEVEN JONES, | ) | APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |

On November 19, 2012, Defendant/Movant Steven Jones filed a motion under Fed. R. Civ. P. 60(b), asking the Court to alter the criminal judgment imposed on June 25, 2007. Jones is a federal prisoner proceeding pro se.

While Fed. R. Civ. P. 60(b) "has an unquestionably valid role to play in habeas cases," *see Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005), the role Jones asks it to play is not valid. He advances "a new ground for relief" that is "effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. In substance, therefore, his Rule

60(b) motion is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. It is recharacterized as such.

There is no requirement that Jones must be given notice and an opportunity to respond before the motion is recharacterized, *see Castro v. United States*, 540 U.S. 375, 377 (2003), because he has already litigated his first § 2255 motion to completion, *see* Mot. § 2255 (doc. 110) at 1; Mot. § 2255 (doc. 121); Order at 1, *United States v. Jones*, No. 10-35248 (9th Cir. Nov. 9, 2011) (denying certificate of appealability).

Because the instant motion is Jones's second under § 2255, and because its filing was not preauthorized by the Court of Appeals, this Court lacks jurisdiction to consider it. 28 U.S.C. § 2255(h); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Because dismissal is imperative, a certificate of appealability is not warranted. Because the motion is untimely, transfer to the Court of Appeals is not in the interest of justice. 28 U.S.C. §§ 1631, 2255(f).

Accordingly, IT IS HEREBY ORDERED:

1. Jones's motion under Fed. R. Civ. P. 60(b) is RECHARACTERIZED as a second motion under 28 U.S.C. § 2255.

2. Jones's second § 2255 motion (doc. 132) is DISMISSED for lack of

jurisdiction.

3. A certificate of appealability is DENIED.

4. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal in the civil case.

DATED this 26th day of November, 2012.

Donald W. Molloy
United States District Judge